In the matter of the estate of RYNEAR H. WILLIAMS, deceased.

[Decided March 6th, 1923.]

An order or decree of the orphans court awarding costs and counsel fee to be paid out of the estate of a decedent upon a contest over his last will and testament, is part of the decree respecting probate, and, whether residing in the terms of that decree, or in the form of an amendatory, or even independent, order or decree (such awards have been made in all three ways in numerous cases), an appeal therefrom must be demanded—that is, taken, within thirty days after the making and entering of such order or decree, in accordance with the provisions of the statute, or such appeal will be dismissed.

On motion to dismiss appeal.

*Mr. Ulysses G. Styron* and *Mr. Theo. N. Schimpf,* for the motion.

*Mr. Charles L. Cole* and *Mr. Clifton C. Shinn, contra.*

WALKER, ORDINARY.

A caveat having been filed in the office of the surrogate of Atlantic county against the admission to probate of a paper writing purporting to be the last will and testament of Rynear H. Williams, deceased, the testament was admitted to probate after a contest in the orphans court. The order for probate was dated and filed September 25th, 1922. Subsequently ap-

plication was made to the orphans court for an allowance of counsel fees and costs to counsel for the caveatrix, and, also, to counsel for the proponents, and by an order made October 12th, filed October 16th, 1922, counsel fees were allowed to both sides, together with certain disbursements by one of the proctors for caveatrix. An appeal to this court from so much of the order of the orphans court as allowed a counsel fee and disbursements to the caveatrix and directed the executrix to pay the same, was taken by the executrix, by notice in writing, dated January 6th, filed January 8th, 1923. Motion is now made in this court on behalf of the executrix, to dismiss the appeal on the ground that it was not demanded, that is, taken, within the time prescribed by the statute *(Comp. Stat. p. 3889, § 204),* which is:

"Any person aggrieved by order or decree of the orphans court, of whatever nature, may appeal from the same to the prerogative court; provided, that the appeal, if from an order or decree of the court respecting the probate of a will or right of administration or the fairness of an inventory, shall be demanded within thirty days after such order or decree, and if from any other order or decree, the same shall be demanded within three months from the making of such order or decree, unless otherwise specially provided."

The only question is, is the order for costs and counsel fees one respecting the probate of a will? If it is, it was taken out of time (more than thirty days after the decree) and must be dismissed. If it is not, then it was within time (less than three months after the decree) and the motion must be denied.

In *Hoit* v. *Hoit, 40 N. J. Eq. 551,* a decree was made admitting a will to probate and awarding costs and counsel fees to both sides. Later, an order was entered directing that the decree be amended so as to award a counsel fee out of the estate to one proctor of the proponent, and later another similar order was made awarding a counsel fee to another proctor of the proponent, and Chancellor Runyon, as ordinary, held that the provisions of the decree as to costs and counsel fees were part of the decree for probate, from which an appeal was required to be taken within thirty days after entry, and

that as to the amendatory decree appeal was required to be taken within thirty days from the time of entering the amendatory decree.

*In re Wandell, 92 N. J. Eq. 195,* the orphans court admitted a will to probate. After appeal taken from that court to this court from the decree probating the will, and while that appeal was pending in this court, counsel for the caveator applied to the orphans court for an allowance of counsel fees and expenses to be paid out of the estate. The orphans court made an order awarding counsel fee to the caveator to be so paid. Appeal was taken to this court from that order and allowance, and the executors urged that the order should be reversed because the orphans court was without jurisdiction to entertain the application pending the appeal from probate, and also because there was no reasonable cause for contesting the validity of the will. I, as ordinary, observed (at *p. 199*) that the question of allowance of counsel fees and expenses was a thing apart from the question involved in the appeal from a decree admitting a will to probate, and, as the orphans court had power to make such an award, even where probate was denied, such an award, if made, cannot be said in anywise to destroy or impair the subject of the appeal, and I concluded, therefore, that the orphans court had jurisdiction to entertain the application pending the appeal. *In re Wandell,* unlike *Hoit* v. *Hoit,* did not concern the question as to whether an order for expenses in a will contest was a decree respecting the probate of a will. It might well be that, namely, part of the decree respecting probate, and yet the subject matter, namely, counsel fees and costs, is doubtless a thing apart from the probate of the will itself. I therefore hold that there is nothing in the case *In re Wandell* which overrules or departs from the decision of Chancellor Runyon in *Hoit* v. *Hoit.*

If this matter came to me as an original proposition I might be inclined to hold that that part of an order or decree awarding costs and counsel fees out of an estate in case of a contest over the probate of a will, whether residing in the original decree, or in the shape of an amendatory, or even independent, order (such awards have been made in all three

ways in numerous cases) was independent, and not a part of the decree respecting probate, but something ancillary and collateral thereto; but, in view of Chancellor Runyon's declaration that such an order is part of the decree for probate, I feel that I should follow that precedent. The application of it to the case *sub* *judice* results in granting the motion to dismiss the appeal from the order allowing counsel fee and disbursements to the caveatrix, because not demanded within thirty days after the making and filing of such order.

Let the appeal be dismissed.