CHARLES H. HAND, PLAINTIFF-APPELLANT, v. LILLIAN F. HOWE, DEFENDANT-RESPONDENT.

CHARLES H. HAND, PLAINTIFF-APPELLANT, v. MURRAY RUSHMORE, DEFENDANT-RESPONDENT.

Submitted June term, 1923—Decided November 7, 1923.

Contracts—Disagreement Regarding Terms—Services Rendered Greater Than Contracted for—Questions of Fact Only Involved.

On appeal from the Plainfield District Court.

Before Justices KALISCH and KATZENBACH.

For the plaintiff-apellant, *Winfield S. Angleman.*

For the defendants-respondents, *William A. Coddington* (*George W. Anderson* of counsel).

PER CURIAM.

These cases, tried together below in the Plainfield District Court, are appeals from judgments for the defendant of no cause of action. The appellant was the owner of a dwelling rented by him to Murray Rushmore. The adjoining property was owned by Lillian F. Howe. The plaintiff entered into negotiations with Rushmore for the sale to Rushmore of the property he was occupying. During the negotiations there was a conversation between the plaintiff and Rushmore to the effect that the plaintiff, who was a builder and real estate operator, would erect a garage and construct a roadway for Rushmore and Mrs. Howe for $700. One-half of the garage was to be built upon Mrs. Howe's property, the other half on Rushmore's if he became the purchaser of the property. On September 1st, 1921, Rushmore wrote to the plaintiff the following letter:

33

"September 1st, 1921.

My dear Mr. Hand:

This will confirm my telephone conversation and agreement for purchase of the 120 West Eighth street property. Part of the agreement is to include the construction by you of a suitable double garage and roadway between my property and that of Mr. Howe adjoining me on the east. This garage to be a double garage half on his land and half on mine and the roadway to also be half on each property. This is to cost $700, half to be paid by Mr. Howe and half by me. Mr. Howe has agreed to join me in this and I would like your signature to this paper which will constitute the agreement between us.

Very truly,<br>(Signed) Murray Rushmore."

The plaintiff signed his name below that of Mr. Rushmore. The contract for the sale of the property between the plaintiff and Rushmore is dated August 31st, 1921, but the above letter of September 1st, 1921, was admittedly sent before the contract of sale was executed. The plaintiff built the garage and roadway. Each of the defendants paid $350 making the $700 mentioned in the agreement in the form of the letter of September 1st, 1921. The plaintiff sent the defendants, upon completion of the work, bills for materials and labor for $988.87 and presented a bill of $16.40 for cleaning up the premises. For the difference between these bills and the $700 paid, the present actions were instituted. The plaintiff claimed he had built a larger garage with a different kind of roof and also a better roadway than had been agreed upon and that these changes were made by him at the request of Mrs. Howe and the plaintiff. This was denied. The only questions presented to us are questions of fact. The District Court found as a fact "that the plaintiff agreed with defendants to build a garage for them for seven hundred dollars ($700), that no changes or additions were ordered or authorized by either defendant, and that neither of them agreed or

were liable to pay plaintiff for making any changes in the garage."

This court cannot reverse a judgment upon a finding of fact where there is evidence to support the judgment. *Lurich* v. *Breithart,* 120 *Atl. Rep.* 20. There is evidence to support the judgments rendered by the District Court in both cases. Accordingly the judgments are affirmed in both cases.